**Shannon D. Sims,** OSB#072029
ATTORNEY AT LAW
610 SW Alder, Suite 502
Portland, OR 97205
Telephone (503) 347-6317
sds@sdsimslaw.com
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TERENCE PAUL FLANAGAN,** | Case No.: |
| **Plaintiff,** | |
| | **COMPLAINT** |
| v. | Fair Debt Collection Practices Act |
| **COLUMBIA COLLECTION SERVICES, INC.,** an Oregon Corporation, and **DOES 1-2.** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## I. INTRODUCTION

1. Plaintiff files this his Complaint against the Defendants. This is an action for actual and statutory damages brought by Plaintiff, Terence Flanagan, against Defendants Columbia Collection Services, Inc., and Does 1-2 for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendants transact business in the State of Oregon, Plaintiff resides in the State of Oregon, and the conduct complained of occurred in the State of Oregon.

## III. PARTIES

3.      Plaintiff Terence Flanagan (hereinafter "Terence") is a natural person residing in Beaverton, Oregon, County of Washington, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4.      Defendant, Columbia Collection Service, Inc., (hereinafter "Columbia"), is an Oregon corporation and it is engaged in the business of collecting debts in this state with its principal place of business located at 12400 SE Freeman Way, Suite 202, Milwaukie, Oregon 97222. Columbia is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mail and/or telephone in the collection of debts from consumers, and it was acting in this capacity as to the consumer debt it attempted to collect from the Plaintiff.

5.      Columbia can be served with process by serving its registered agent, Randall Welch, at 12400 SE Freeman Way, Suite 202, Milwaukie, Oregon 97222.

6.      DOE Defendants 1-2 are individuals believed to be engaged as "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use(s) the mail and/or telephone in the collection of debts from consumers, and they were acting in this capacity as to the consumer debt they attempted to collect from the plaintiff. DOES Defendant's may also be entities that are in violation of federal or state law.

Page 2 of 6 - COMPLAINT

## IV. FACTUAL ALLEGATIONS

7. Plaintiff previously owed a consumer debt that was referred to Defendant Columbia.

8. Columbia, by and through its agents, began contacting Terence in an effort to collect the debt. The original notices provided did not include any information regarding the original creditor, and Terence was unsure of the validity of the debt.

10. After receiving a phone call from Columbia wherein he was also not provided with any information regarding the nature of the debt, Terence sought legal counsel.

11. Through counsel Terence requested information about the debt from Columbia on or about February 20, 2013. However, Columbia still did not provide any information.

12. Months later, Terence was served with a notice by Columbia regarding a meeting. Unsure as to the nature of the debt he contacted Columbia and was told that he had to meet with them (Columbia personnel).

13. He met with Columbia personnel in a large room filled with other alleged debtors.

14. He was embarrassed as the Columbia personnel (Doe #1) loudly discussed his alleged debt with him in the presence of many other persons.

15. When he realized that the debt was the same one that Columbia had previously attempted to collect, he told the person from Columbia that he had an attorney assisting him, she stated that he could not have an attorney.

16. Terence informed her that his attorney had inquired of Columbia about the debt in order to attempt to validate the claim and to facilitate a resolution.

17. The Columbia agent replied that they had not received signed notices from Terence's attorney, and that, since he had shown up, she did not have to deal with his attorney.

18.     Confused Terence asked if he could set up some sort of payment plan regarding the debt.  In front of a room full of people the Columbia agent loudly stated that he could not have a payment plan, since he did not have income and that he would need to borrow money from a family member if he wanted to resolve the debt.

19.     The entire collection effort left Terence humiliated and embarrassed. Moreover, the Defendant was provided with multiple opportunities to resolve the alleged debt in a manner that did not require it to violate federal law in seeking collection of the debt.

## V.  FIRST CLAIM FOR RELIEF

### (Fair Debt Collection Practices Act)

20.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

   a) Defendants violated 15 U.S.C. 1692c(a)(2) by communicating with person that it knew was represented by an attorney.

   b) Defendants violated 15 U.S.C. 1692d by employing conduct the natural consequence of which is to harass, oppress, or abuse.

   c) Defendants violated 15 U.S.C. 1692e engaging in false, deceptive and misleading representations in collecting a debt.

   d) Defendants violated 15 U.S.C. 1692g by failing to send proper notices and by failing to validate the alleged debt.

/// ///

/// ///

22.     As a result of the foregoing violations of the Fair Debt Collection Practices Act, Plaintiff suffered embarrassment, humiliation, worry, agitation, severe anxiety and emotional distress. Defendants are liable to Plaintiff for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendants for the following:

A.  Declaratory judgment that Defendant has violated the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. § 1692k;

C.  Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

E.  For such other and further relief as the court may deem just and proper.

Respectfully submitted this 10th day of January 2014,

    /s Shannon D. Sims
Shannon D. Sims, OSB #072029
Attorney At Law
610 SW Alder, Suite 502
Portland, OR 97205
Telephone (503) 347-6317
**Attorney for Plaintiff**

Page 5 of 6 - COMPLAINT

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

    /s Shannon D. Sims